Filed 11/3/20  P. v. Pack CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B300931 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA089914) |
| v. | |
| CHARLES RAY PACK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Dismissed.

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————

Charles Ray Pack appeals from an order denying his postjudgment motion to withdraw his plea. Because he failed to obtain a certificate of probable cause, the trial court's denial of his motion to withdraw his plea is not appealable. Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2019, in a negotiated plea agreement, Pack pleaded no contest to one count of elder abuse (Pen. Code, § 368, subd. (b)(1)) and one count of false imprisonment by violence (§ 236), and he admitted the special allegation as to the elder abuse count that he inflicted great bodily injury (§12022.7, subd. (a)). Pack also admitted he suffered a prior conviction of a serious or violent felony, which constituted a strike within the meaning of the three strikes law (§§ 667, subds. (a)(1), (b)-(i), 1170.12). As part of the negotiated plea, Pack waived his right to appeal his conviction and sentence. The trial court sentenced Pack pursuant to the terms of the plea agreement to an aggregate state prison term of 12 years four months.

On July 23, 2019 Pack, represented by counsel, moved to withdraw his plea. Pack asserted his medication for back pain and his mental condition impaired his judgment and prevented him from understanding the nature and consequences of his plea. In addition, Pack believed he "was rushed" to decide whether to enter a plea or go to trial after the trial court denied his motion to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 and his motion for a continuance to retain private counsel. Following a hearing, the court denied Pack's motion to withdraw the plea.

2

Pack filed a timely notice of appeal from the judgment of conviction and checked the preprinted box stating, "This appeal is after the court denied defendant's motion to withdraw his plea." Pack did not obtain a certificate of probable cause.

**DISCUSSION**

We appointed counsel to represent Pack on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. Appellate counsel advised Pack he could submit a supplemental brief raising any contentions or issues he wished us to consider. On August 7, 2020 we received a two-page handwritten response with an attached investigation report summarizing the investigator's April 10, 2019 interview of the victim. Pack argued the evidence was not sufficient to support his conviction, he was prescribed psychotropic medication in custody that had adverse side effects, and the trial court improperly denied his motion for a continuance to retain private counsel. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

"Penal Code section 1237.5 provides that a defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere' unless the defendant has applied to the trial court for, and the trial court has executed and filed, 'a certificate of probable cause for such appeal.'" (*People v. Shelton* (2006) 37 Cal.4th 759, 766.) An exception to the requirement for a certificate of probable cause applies where a defendant appeals from a ruling involving a search and seizure issue or where the defendant raises a postplea claim that does not challenge the

3

validity of the plea.  (*People v. Johnson* (2009) 47 Cal.4th 668, 677 [defendant must obtain a certificate of probable cause to appeal denial of a motion to withdraw a guilty or no contest plea]; *People v. Cuevas* (2008) 44 Cal.4th 374, 379 ["Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea."]; *People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

Pack's appeal is an attack on the validity of the plea because he bargained for the specific sentence he received—an aggregate term of 12 years four months in state prison.  He also specifically waived his appellate rights as part of the negotiated plea.  Because Pack did not obtain a certificate of probable cause, we dismiss his appeal.  (§ 1237.5; see *People v. Cuevas, supra*, 44 Cal.4th at p. 377; *People v. Panizzon, supra*, 13 Cal.4th at p. 73.)

## DISPOSITION

The appeal is dismissed.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.